# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMY SOARES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>TIFFIN MOTOR HOMES, INC., et al.,<br><br>　　　　Defendants. | Case No. 1:24-cv-00484-JLT-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING GRANTING DEFENDANT TIFFIN MOTOR HOMES UNOPPOSED MOTION FOR TRANSFER OF VENUE<br><br>(ECF No. 8)<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

　　　　Currently before the Court is Tiffin Motor Homes, Inc.'s ("Defendant Tiffin Motor Homes") motion for a change of venue, filed September 4, 2024. (ECF No. 1.)

**I.**

**BACKGROUND**

　　　　On September 8, 2023, Amy Soares ("Plaintiff") purchased a new 2023 Tiffin Wayfarer 25RW, vin number W1X8E33Y1NN206929, from Pan Pacific RV Centers ("Defendant RV Center") for $210,113.65. (Compl. at ¶¶ 3, 7, ECF No. 1.)   Plaintiff signed the Warranty Registration when she purchased the vehicle on September 8, 2023.[1] (Decl. of Celina Tyler

---

[1] "A motion to enforce a forum selection clause is treated as a motion to dismiss pursuant to Rule 12(b)(3); pleadings need not be accepted as true, and facts outside the pleadings may be considered." Doe 1 v. AOL LLC, 552 F.3d 1077, 1081 (9th Cir. 2009).

1  ("Tyler Decl.") ¶ 3, ECF No. 8-2.)  The document signed by Plaintiff states, "By signing this
2  form as Owner of a Tiffin motorhome, I ACKNOWLEDGE THAT I HAVE READ THE
3  TIFFIN LIMITED WARRANTY, INCLUDING THE ARBITRATION AGREEMENT, AND I
4  UNDERSTAND ITS PROVISIONS AND AGREE TO BE BOUND BY ITS TERMS." (ECF
5  No. 8-2 at 4.)  The limited warranty provides:

> **JURISDICTION AND VENUE.** PURCHASER AND TIFFIN MOTORHOMES AGREE THAT EXCLUSIVE JURISDICTION OF ANY PROCEEDING HEREUNDER SHALL BE IN THE STATE COURT OF GENERAL JURISDICTION IN AND FOR FRANKLIN COUNTY, ALABAMA, OR IN THE FEDERAL DISTRICT COURT DIVISION THAT INCLUDES FRANKLIN COUNTY, ALABAMA. PURCHASER AND TIFFIN MOTORHOMES AGREE TO SUBMIT THEMSELVES, IN ANY LEGAL ACTION OR PROCEEDING BETWEEN THEM RELATING TO THIS LIMITED WARRANTY OR OTHERWISE TO THE STATE OR FEDERAL COURT FOR FRANKLIN COUNTY, ALABAMA, AND CONSENT THAT ANY ACTION OR PROCEEDING SHALL BE BROUGHT IN SUCH COURTS, AND HEREBY WAIVE ANY OBJECTION THAT EACH MAY NOW OR HEREAFTER HAVE TO THE VENUE OF ANY ACTION OR PROCEEDING IN ANY SUCH COURT. THIS LIMITED WARRANTY SHALL BE GOVERNED BY THE LAWS OF THE STATE OF ALABAMA.

14  (ECF No. 8-2 at 11.)

15  After purchase, Plaintiff discovered that the Wayfarer 25RW was defective due to water
16  leak defects; display malfunctions, a door handle was poorly repaired, and torque converter
17  defects and the vehicle was out of service over 150 days. (Compl. at ¶ 13.)  Plaintiff returned the
18  Wayfarer 25RW to Defendants and its authorized warranty service dealers on numerous
19  occasions and Defendant failed to correct the defects.  (Id. at ¶ 14.)

20  On April 24, 2024, Plaintiff filed the instant action against Defendants RV Center and
21  Tiffin Motor Homes alleging violations of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301
22  et seq.; the Song-Beverly Consumer Warranty Act, Cal. Civ. Code § 1790, et seq.; and breach of
23  express warranties and implied warranties under California law.  (Id. at pp. 6-10.[2])  On May 17,
24  2024, Defendants Tiffin Motor Homes and RV Country filed answers to the complaint.  (ECF

---

While the last name on the contract produced by Defendant is Sems, the Court finds other indicia that the contract is for the purchase of Plaintiff's RV, such as the date signed and vin number.  Further, Plaintiff has not filed any opposition contesting that the contract provided is for her RV.

[2] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

Nos. 4, 6.)

On September 4, 2024, Defendant Tiffin Motor Homes filed a motion to transfer venue based on the forum selection cause in Tiffin Motor Homes express limited warranty. (ECF No. 8.) On September 5, 2024, the motion was referred to the undersigned by the district judge. (ECF No. 9.) On September 20, 2024, the hearing on the matter was vacated due no objection being filed. (ECF No. 11.)

Having considered the moving papers, as well as the Court's file, the Court issues the following findings and recommendations recommending granting Defendant Tiffin Motor Homes, Inc.'s motion for a change in venue.

## II.

## LEGAL STANDARD

The Supreme Court has held that "[a] forum-selection clause may be enforced by a motion to transfer under § 1404(a)." Atlantic Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas ("Atlantic Marine"), 571 U.S. 49, 52 (2013). Section 1404(a) provides a district court may transfer a civil action "[f]or the convenience of parties and witnesses, in the interest of justice . . . to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). "A 'motion to transfer under § 1404(a) ... calls on the district court to weigh in the balance a number of case-specific factors' and that the 'presence of a forum-selection clause ... will be a significant factor that figures centrally in the district court's calculus.' " Atlantic Marine, 571 U.S. at 58 (quoting Stewart Organization, Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988)). "[A] proper application of § 1404(a) requires that a forum-selection clause be 'given controlling weight in all but the most exceptional cases.' " Atlantic Marine, 571 U.S. at 59–60 (quoting Stewart Organization, Inc, 487 U.S. at 33).

"When the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause. Only under extraordinary circumstances unrelated to the convenience of the parties should a § 1404(a) motion be denied." Atlantic Marine, 571 U.S. at 62. Typically, in addressing a motion to transfer venue, the court

evaluates the convenience of the parties and various public interest considerations. After weighing the relevant factors, the court determines whether transfer would serve "the convenience of parties and witnesses" and otherwise promote "the interest of justice." Id. at 62 (quoting § 1404(a)). However, this changes where a valid forum-selection clause is present which represents the parties' agreement as to the proper forum. Atlantic Marine, 571 U.S. at 63. This requires the court to adjust the § 1404(a) analysis in several ways.

First, the plaintiff's choice of forum merits no weight, and the plaintiff bears the burden of demonstrating why the court should not transfer the case to the agreed upon forum. Atlantic Marine, 571 U.S. at 63-4. Second, where the parties have agreed to the forum-selection clause, they have waived the right to challenge the selected forum as inconvenient. Therefore, the court is not to consider arguments about the parties' private interests but can only consider arguments about the public-interest factors. Id. at 64; see also Yei A. Sun v. Advanced China Healthcare, Inc., 901 F.3d 1081, 1088 (9th Cir. 2018), holding modified by Lee v. Fisher, 70 F.4th 1129 (9th Cir. 2023) (the court is to weigh all private interests as in favor of the preselected forum). Third, where a party bound by the forum-selection clause files suit in a different forum, a transfer of venue does not carry the original venue's choice of law rules. Atlantic Marine, 571 U.S. at 64-5. The court may consider factors of public interest such as "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law," but this will rarely defeat a motion to transfer. Yei A. Sun, 901 F.3d at 1088 (internal citations omitted).

## III.

## DISCUSSION

1.  Validity of the Forum-Selection Clause

Forum-selection clauses are considered "prima facie valid." Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, 589 (1991). A party claiming that the forum-selection clause is invalid or unenforceable due to unfairness bears a heavy burden of showing that the forum-selection clause is unreasonable or unenforceable. Carnival Cruise Lines, Inc., 499 U.S. at 592; Jones v. GNC Franchising, Inc., 211 F.3d 495, 497 (9th Cir. 2000).

Here, Defendant has included a copy of the limited warranty which Plaintiff asserted she had read by signing the purchase documents. Plaintiff has not opposed the motion for transfer of venue and has therefore presented no evidence or argument that the forum-selection clause was invalid. The limited warranty includes the forum-selection clause, and the Court concludes that the parties' agreement included a valid Alabama forum-selection clause. Further, Plaintiff's claims for breach of the implied and express warranties raised in this action are encompassed by the parties' agreement.

### 2. Public Policy Consideration

As explained above, due to the forum-selection clause, the Court only considers the public interest factors of the 28 U.S.C. § 1404(a) analysis. In determining whether an exceptional reason or extraordinary circumstances exist such that the forum-selection clause is unenforceable, the plaintiff must make a strong showing that: (1) the clause is invalid due to 'fraud or overreaching,' (2) 'enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision,' or (3) 'trial in the contractual forum will be so gravely difficult and inconvenient that [the litigant] will for all practical purposes be deprived of his day in court.' " Yei A. Sun, 901 F.3d at 1088 (quoting M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1 (1972)).

While Plaintiff did not file an objection to the instant motion and therefore has not raised any reason to find the agreement unenforceable, Defendant raises the issue of public policy in the motion. A court will determine a forum selection clause is unenforceable where "enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision." Doe 1 v. AOL LLC, 552 F.3d 1077, 1083 (9th Cir. 2009). The party opposing the transfer of venue must show that the "public-interest factors overwhelmingly disfavor" the agreed upon forum in the forum-selection clause. Atlantic Marine, 571 U.S. at 67.

In Yei A. Sun, the Ninth Circuit considered the argument that the nonwaiver provision in the Washington State Securities Act was not enough to "supersede the strong federal policy of enforcing forum-selection clauses." 901 F.3d at 1090. To prove that such provision would

1   contravene a strong public policy in the forum in which the suit was brought, the plaintiff must
2   point to a statue or judicial decision that clearly states such a strong public policy. Id.

3   Defendant contends that the enforcement of the forum selection clause does not
4   contravene a strong public policy of California and allows Plaintiff to pursue this case in federal
5   court in Franklin County, Alabama. (Mot. 13, ECF No. 8.) Defendant recognizes that California
6   made a buyer's rights under the Song-Beverly Act essentially unwaivable. (Id. at 15.) The
7   Song-Beverly Act provides that "[a]ny waiver by the buyer of consumer goods of the provisions
8   of this chapter, except as expressly provided in this chapter, shall be deemed contrary to public
9   policy and shall be unenforceable and void." California Civil Codes § 1790.1.

10   The Ninth Circuit considered the similar language in the California Legal Remedies Act
11   ("the CLRA") which the California appellate court addressed in America Online, Inc. v. Superior
12   Court of Alameda County (Mendoza), 90 Cal.App.4th 1 (2001). Mendoza held that "the forum
13   selection clause, together with the choice of law provision, effect a waiver of statutory remedies
14   provided by the CLRA in violation of the anti-waiver provision, as well as California's 'strong
15   public policy' to 'protect consumers against unfair and deceptive business practices.' " Doe 1,
16   552 F.3d at 1084. The Ninth Circuit found this is the kind of judicial declaration contemplated to
17   indicate a strong public policy in California protecting consumer rights. Id. at 1084.
18   Accordingly, the Court rejects Defendant's argument that the enforcement of the forum selection
19   clause does not contravene a strong public policy of California.

20   In Verdugo v. Alliantgroup, L.P., the court held that "the party seeking to enforce the
21   forum selection clause has the burden to show enforcement would not diminish unwaivable
22   California statutory rights, otherwise a forum selection clause could be used to force a plaintiff to
23   litigate in another forum that may not apply California law." 237 Cal.App.4th 141, 144–45
24   (2015), as modified on denial of reh'g (June 25, 2015). While the court found that the defendant
25   had not shown that the selected forum would apply California law to the claims raised in the
26   complaint, it suggested that the defendant could have eliminated any doubt about which law
27   applies to the plaintiff's claims by stipulating that the selected forum would apply California law.
28   Verdugo, 237 Cal.App.4th at 145.

1       Under Atlantic Marine, the Court must enforce the forum-selection clause unless it
2 provides the plaintiff no remedy whatsoever. Yei A. Sun, 901 F.3d at 1091 (citing Weber v.
3 PACT XPP Techs., AG, 811 F.3d 758, 774 (5th Cir. 2016) and Barnett v. DynCorp Int'l, LLC.,
4 831 F.3d 296, 308 n.14 (5th Cir. 2016)). "[T]he fact that certain types of remedies are
5 unavailable in the foreign forum does not change the calculus if there exists a basically fair court
6 system in that forum that would allow the plaintiff to seek some relief." Yei A. Sun, 901 F.3d at
7 1092 (quoting Weber, 811 F.3d at 774).

8       Here, Defendant stipulates that the Alabama Court will apply California law to Plaintiff's
9 claims eliminating any doubt that Plaintiff's unwaivable right under the Song-Beverly Act will
10 be diminished. (Mot. at 19.) Plaintiff has not opposed the motion to transfer venue and, since
11 Defendant has stipulated that California law will apply to Plaintiff's claims in the selected forum,
12 she has not carried her heavy burden to show that she would be deprived of her day in court by
13 enforcement of the forum-selection clause. Yei A. Sun, 901 F.3d at 1093; see also Pinkevich v.
14 Thor Motor Coach, Inc., No. 2:22-CV-05985-ODW-EX, 2022 WL 19333282, at *3 (C.D. Cal.
15 Nov. 16, 2022) (finding stipulation removed any risk of diminishing the plaintiff's rights under
16 California law and the forum-selection clause was enforceable); Derosa v. Thor Motor Coach,
17 Inc., No. 2:20-CV-04895-SVW-PLA, 2020 WL 6647734, at *4 (C.D. Cal. Sept. 30, 2020)
18 (same); Baxter v. Thor Motor Coach, Inc., No. 2:19-CV-01532-JAM-CKD, 2020 WL 1911549,
19 at *4 (E.D. Cal. Apr. 20, 2020) (same); Zastawnik v. Thor Motor Coach, Inc., No. CV 22-08663-
20 PSG-AS, 2023 WL 5167363, at *2 (C.D. Cal. June 16, 2023) (same).

21       The Court finds that by failing to oppose the motion for change of venue, Plaintiff has not
22 shown that the "public-interest factors overwhelmingly disfavor" the agreed upon forum in the
23 forum-selection clause, Atlantic Marine, 571 U.S. at 67, or met the high burden of demonstrating
24 that the forum-selection clause is unreasonable or unenforceable, Carnival Cruise Lines, Inc.,
25 499 U.S. at 592; Jones, 211 F.3d at 497. Accordingly, the Court recommends granting
26 Defendant Tiffin Motor Homes, Inc.'s motion for a change in venue.[3]

---

[3] Since the Court recommends granting the motion for change in venue, the alternate requests to dismiss or stay the action will not be addressed.

7

## IV.

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, IT IS HEREBY RECOMMENDED that:

1. Defendant Tiffin Motor Homes, Inc. unopposed motion to transfer, or in the alternative, to dismiss or to stay (ECF No. 8) be GRANTED; and

2. This matter be TRANSFERRED to the United States District Court in Franklin County, Alabama.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within **fourteen (14) days** of service of this recommendation, any party may file written objections to these findings and recommendations with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **September 30, 2024**

UNITED STATES MAGISTRATE JUDGE